REEF INDUSTRIES, INC., Petitioner-Cross Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.

No. 91-4084.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1992.

Kerry E. Notestine, Michelle Hoogendam, Bracewell & Patterson, Houston, Tex., for Reef Industries, Inc.

Aileen A. Armstrong, Deputy Assoc. Gen. Counsel, Judith Flower, Collis S. Stocking, Magdalena Revuelta, N.L.R.B., Washington, D.C., for N.L.R.B.

ON PETITION FOR REHEARING AND MOTION FOR PUBLICATION

Before JONES, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed by Reef Industries, Inc., in the above entitled and numbered cause, be and the same is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the National Labor Relations Board for publication of decision pursuant to local Rule 47.5.2 is hereby GRANTED.

In its motion for publication, the National Labor Relations Board (the Board) expresses its judgment that the recent decision of the United States Court of Appeals

for the Fourth Circuit in *New River Industries v. N.L.R.B.*,[1] "calls into question the well-settled legal principles set forth" by this panel in the instant case. On the other hand, Reef Industries, Inc. (Reef), in its petition for rehearing, posits that our opinion conflicts with *New River Industries* "on almost identical facts." We disagree with both the Board and Reef. Although the facts in *New River Industries* are "almost" identical to those in the instant case they are not identical—and in the word, *almost,* lies the significant distinction that eschews a conflict between this circuit and the Fourth.

True, the concerted effort of the two New River Industries employees who wrote the sarcastic letter about the ice cream treat provided by the employer is facially indistinguishable from the concerted effort of the Reef employees who prepared the sarcastic tee-shirt and letter. Nevertheless, the substantial and significant factual difference distinguishing the two cases lies in the *contexts* in which the incidents occurred and the employees' reasons for their actions. In *New River Industries*, "the record shows that there had been no union activity at the plant for about eight years, and as of [the day on which management] determined to discharge the employees responsible for the letter, no 'vote union' message had yet appeared."[2] As Judge Niemeyer noted in writing for the Fourth Circuit, "the decision to discipline [the employees] for the letter was not even in the context of union activity."[3] Furthermore, the sole purpose for the employees' action in *New River Industries* was to belittle the company's gesture—not to call attention to offending conduct by management or other conditions of employment.

In stark contrast, the tee-shirt incident in the instant case was intimately connected, both substantively and temporally, with union activity: the Reef employees took umbrage with a management remark made in an unfair labor practices hearing following a hotly contested union election; the letter and tee-shirt were aimed at and directed to the company executive who had been involved personally in the hearing and other aspects of the election and who had made the offending remark; and the essential purpose of the employees' action was to make known their unhappiness at what they perceived to be management's unfair and condescending treatment of them during this unionization period. The incident in *Reef* was inextricably intertwined with union activity—nothing is more directly related to collective bargaining than a union election; the nexus between the tee-shirt incident and the union activity is undeniable.

We speculate that if the facts of *New River Industries* had been before us we might well have reached the same conclusion as did the Fourth Circuit, and for the same reasons. We consider our opinion and our holding wholly compatible with *New River Industries.*

Our grant of the Board's motion for publication is a matter of comity; it does not imply that we believe that the conflict that the Board perceives between the instant case and *New River Industries* exists—we have already rejected that characterization by the Board. To eliminate any question or confusion about the compatibility of the positions of this circuit and the Fourth on the issues involved in the two subject cases, we are also publishing the Orders herein issued.

1. 945 F.2d 1290 (4th Cir.1991).

2. *Id.* at 1296.

3. Id.